# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DENNIS D. JACKSON,**

    **Plaintiff,**

    v.

    **Civil Action 2:18-cv-1736**
    **Judge Michael H. Watson**
    **Magistrate Judge Chelsey M. Vascura**

**JUDGE MICHAEL H. THACKER,**

    **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Dennis D. Jackson, an Ohio inmate who is proceeding without the assistance of counsel, brings this action against several state-court judges, two state-court clerks of court, and a state assistant attorney general, seeking declaratory and monetary damages. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF

No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statements reveal that he currently possesses $3.37 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate Id Number A645759) at Southeastern Correctional Complex is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff

and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

4

**II.**

Following a jury trial in 2011, Plaintiff was sentenced to twenty-eight years to life imprisonment in the Montgomery County Court of Common Pleas upon his conviction of three counts of murder, two counts of aggravated robbery, and counts of aggravated burglary and felonious assault with firearms specification. In October 2013, Plaintiff filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 in the Dayton seat of this Court, *Jackson v. Warden, Lebanan Corr. Inst.*, Case No. 3:13-cv-347. Plaintiff's petition was denied with prejudice, and his request for a certificate of appealability denied. (Case No. 3:13-cv-347, ECF No. 24.) On appeal, the United States Court of Appeals for the Sixth Circuit likewise denied Plaintiff's request for a certificate of appealability. (Case No. 3:13-cv-347, ECF No. 30.) The Sixth Circuit denied Plaintiff's request for a rehearing, and the United States Supreme Court denied his petition for a writ of certiorari. (Case No. 3:13-cv-347, ECF Nos. 32 and 34.) The Sixth Circuit has twice denied Plaintiff's motions for an order authorizing a second of successive § 2254 petition, with the most recent denial on December 10, 2018. (Case No. 3:13-cv-347, ECF Nos. 35 and 36.) Plaintiff filed the instant action on December 19, 2018, naming a number of state-court judges and clerks of court and also a state assistant attorney general, seeking declaratory, injunctive, and monetary relief.

Plaintiff advances five causes of action. For his first cause of action, Plaintiff alleges that Ohio Supreme Court Chief Justice Maureen O'Connor committed due process and equal protection violations when she dismissed his state-court habeas petition without redressing the injuries he identified in that petition. For his second cause of action, Plaintiff names state-court Judge Michael Tucker and State Assistant Attorney General Mary Anne Reese ("AAG Reese"),

alleging that they committed acts of fraud in connection with the state-court sentencing entry. Plaintiff asks this Court to declare their actions fraudulent, to vacate all of the proceedings in his state-court criminal case, and vacate his sentence. For his third cause of action, Plaintiff names state-court Judges Donovan, Froelich, and Hall, asserting that they violated his constitutional rights because they did not invalidate Plaintiff's sentencing instrument on the grounds that it did not contain the handwritten signature of the sentencing judge. In his fourth cause of action, Plaintiff names two state-court clerks of court, alleging that these individuals employed an unconstitutional practice of requiring an individual to look at more than one document in assessing the validity of a sentencing instrument. For his fifth and final cause of action, Plaintiff names state-court Judge Tucker and AAG Reese, alleging that they fraudulently manufactured a sentencing instrument.

All of Plaintiff's claims must be dismissed. First, as a threshold matter, all of Plaintiff's claims are time-barred under the two-year statute of limitations in Ohio, which is applicable to § 1983 claims, as Plaintiff knew or should have known about the injuries which form the bases for his claims more than two years before he filed this action. *See Trzebuckowski v. City of Cleveland*, 319 F. 3d 853, 855-56 (6th Cir. 2003) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1998)) (because § 1983 does not specify a statute of limitations, courts apply the statute of limitations for the state's general personal injury statute, which is two years in Ohio)*; Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005) (statute of limitations begins to run when "the plaintiff knew or should have known of the injury which forms the basis for his or her claim"). Although Plaintiff's Complaint lacks clarity, it appears that Plaintiff's claims all involve various challenges to the validity of his sentence on the grounds that the docket entries reflecting his

6

sentence are improper or inauthentic. Given that Plaintiff filed a habeas petition in this Court in October 2013 (Case No. 3:13-cv-347), he most certainly had access to the state-court documents reflecting his sentence more than two years prior to filing the instant action. Thus, his claims must be dismissed under § 1915(e) as time-barred. *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, [the trial court's] *sua sponte* dismissal of the complaint was appropriate." (citing *Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir. 1995))); *Bell v. Rowe*, 178 F.3d 1293 (6th Cir. 1999) (Table) ("Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law and therefore may be dismissed as frivolous under § 1915(e)." (citation omitted)).

Second, no matter how liberally the Court construes Plaintiff's Complaint, all of the defendants he sues are entitled to absolute immunity from civil liability. Judges and prosecutors are entitled to absolute immunity from suit when acting within the scope of their duties. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (judges immune); *Imber v. Pachtman*, 424 U.S. 409, 427 (1976) (prosecutors immune for actions taken within the scope of duty); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted) (immunity only overcome if actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction"). Notwithstanding Plaintiff's conclusory assertions to the contrary, his Complaint contains no plausible allegations upon which this Court could rely to conclude that the exceptions to judicial and prosecutorial immunity apply to exempt the state-court judges and prosecutor he names. The two state-court clerks of court who Plaintiff identifies as defendants are also immune from liability because "[q]uasi-judicial immunity

7

extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Because "[o]verseeing the filing of civil case pleadings is a task that is integral to the judicial process," Plaintiff's challenges to the two state-court clerks of courts' practices of maintaining multiple entries relating to the "sentencing instrument" must be dismissed on immunity grounds. *See Smiles v. Royster*, No. 18-1440, 2018 WL 4998196, at *1 (6th Cir. Oct. 1, 2018) (citing *Mischler v. Clary*, No. 16-6184, 2017 WL 3220478, at *3 (6th Cir. May 16, 2017)). Thus, it is alternatively recommended that the Court dismiss Plaintiff's action because all of the individuals who he names as defendants are immune from civil liability.

Third, because Plaintiff's claims appear to imply the invalidity of his state-court criminal conviction—indeed, in addition to monetary and declarative relief, Plaintiff seeks invalidation of the state-court criminal proceedings and sentence (*see, e.g.*, ECF No. 1-1 at PAGEID # 31-32, ¶¶ 54-55)—they must be dismissed as "*Heck*-barred." In *Heck*, the United States Supreme Court held that, in assessing a claim under 42 U.S.C. § 1983, a court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the claim would render a conviction or sentence invalid, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Here, Plaintiff's claims appear to be premised upon his allegations that his sentence is unlawful and invalid. Thus, under *Heck*, Plaintiff cannot proceed with any § 1983 claims because he cannot "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

8

question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486–87. To the contrary, as detailed above, Plaintiff's habeas petition has been dismissed and his appeals and motions for an order authorizing a second of successive § 2254 petition unsuccessful. Thus, for this additional, alternative reason, it is recommended that the Court dismiss this action pursuant to § 1915(e)(2).

### III.

For the reasons set forth above, it is **RECOMMENDED** that (1) this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted; (2) the Court deny ECF Nos. 2 and 3 as moot; and (3) the Court find that any appeal of this action would not be taken in good faith for the reasons identified in this Report and Recommendation.

The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

   /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE