# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Dennis D. Jackson,

    Plaintiff,

v.

Judge Michael L. Tucker, *et al.*,

    Defendants.

Case No. 2:18-cv-1736

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Dennis D. Jackson ("Plaintiff") filed a complaint in this pro se prisoner civil rights case, alleging five claims. ECF No. 1. Those claims can be summarized as follows.

Plaintiff claims that the Second District Court of Appeals lacked jurisdiction to hear the direct appeal of his criminal conviction and sentence because there was no final, appealable order issued in the trial court (i.e., because the sentencing document was not hand-signed by the trial judge but was rather signed via a rubber stamp bearing the judge's name, it constituted only an interlocutory order over which the appellate court lacked jurisdiction) (claim three). Obj. at 10. He further argues that the Ohio Supreme Court lacked jurisdiction to dismiss Plaintiff's state habeas petition on the merits[1] because the

---

[1] He contends that the Ohio Supreme Court had jurisdiction to declare that the Second District Court of Appeals lacked jurisdiction and to remand. Obj. at 9.

Ohio Supreme Court should have known that the Second District Court of Appeals lacked jurisdiction to hear Plaintiff's direct appeal (claim one). Obj. at 8–9. Plaintiff further claims that, at some point, the trial judge and state assistant attorney general conspired to and committed fraud on the court and abuse of process by replacing the rubber-stamped sentencing document with a hand-signed sentencing document on the docket without making a record that a nunc pro tunc document was being filed (claims two and five). Plaintiff also sues two Montgomery County clerks of court for perpetuating an alleged policy of permitting a "valid sentencing instrument" to be comprised of two sentencing documents, allegedly in violation of Ohio's "one document rule." (claim four).

Plaintiff then moved for leave to serve a reduced number of copies of the Complaint and Summons on Defendants and for a preliminary injunction. ECF Nos. 2 & 3.

Upon initial screen pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, Magistrate Judge Vascura recommended the Court: (1) dismiss this action for failure to state a claim on which relief may be granted; (2) terminate Plaintiff's motions as moot, and (3) certify that any appeal of this action would not be taken in good faith for the reasons addressed in the Report and Recommendation ("R&R"). R&R 9, ECF No. 5. In concluding that Plaintiff's Complaint fails to state a claim upon which relief may be granted, Magistrate Judge Vascura concluded that "as a threshold matter, all of Plaintiff's claims are time-barred under the two-year statute of limitations in Ohio, which is applicable to § 1983 claims . . . ." *Id.*

at 6. "Second," she continued, "no matter how liberally the Court construes Plaintiff's Complaint, all of the defendants he sues are entitled to absolute immunity from civil liability." *Id.* at 7. Third, she found that "because Plaintiff's claims appear to imply the invalidity of his state-court criminal conviction—indeed, in addition to monetary and declarative relief, Plaintiff seeks invalidation of the state-court criminal proceedings and sentence—they must be dismissed as '*Heck*-barred'." *Id.* at 8 (internal citation omitted).

Plaintiff timely objected. Obj., ECF No. 6. First, Plaintiff objects to the magistrate judge's conclusion that Plaintiff's claims are barred by the two-year statute of limitations for § 1983 claims. He argues that claims two and five are subject to Ohio's four-year statute of limitations for fraud claims. Obj. at 4. He contends that claim one is timely because the injury did not occur until his state habeas corpus petition was dismissed on June 6, 2018. *Id.* Similarly, he argues that claim three is timely because part of that claim apparently rests on the Second District's denial of a motion asking that court to revisit its jurisdiction, which denial he argues was issued on February 26, 2018. *Id.* at 5. He asserts claim four is timely because he became aware of the Clerk of Court's unlawful practice of docketing two sentencing documents only on the date the above order was issued, February 26, 2018. *Id.* Finally, he states that he did not become aware of the fact that the common pleas court sentencing document was signed with a rubber stamp until documents reflecting that fact were provided to Plaintiff as part of his federal habeas case in 2014 (or 2015, it is unclear). *Id.* at 6.

Plaintiff next objects to the magistrate judge's conclusion that Defendants are entitled to absolute immunity. In essence, he argues that the Second District Court of Appeals (claim three) and Ohio Supreme Court (claim one) are not entitled to immunity because, although their actions were judicial in nature, they acted in the complete absence of jurisdiction. *Id.* at 7–11. He contends that Defendants Tucker and Reese are not entitled to immunity for the actions alleged in claims two and five because their actions of "conspiring to commit, and committing fraud, and abuse of process i.e., nunc pro tunc process" (by replacing the rubber-stamp-signed sentencing document with a hand-signed version without issuing a corresponding nunc pro tunc order explaining the switch) were non-judicial. *Id.* at 11–12. With respect to claim four, Plaintiff asserts the clerks of court are liable because he alleges an unconstitutional practice. *Id.* at 13.

With respect to the magistrate judge's conclusion that Plaintiff's claims are *Heck*-barred, Plaintiff contends that his claims do not imply the invalidity of his underlying criminal conviction or sentence. Plaintiff distinguishes his "sentencing instrument" from his "sentence" and argues that he attacks the validity of the former but not the latter. In other words, he argues that his claim is merely that the sentencing instrument itself was invalid, unenforceable, and void such that the appellate court lacked jurisdiction to hear the direct appeal of his conviction and sentence; he insists he does not challenge the validity of his conviction or sentence. *Id.* at 15. He states that he does not seek a release from prison but rather seeks only to have a valid sentencing instrument docketed in the trial court

such that he can then begin a proper direct appeal to attack his conviction and sentence. *Id.* at 16.

After filing his objections to the R&R, Plaintiff moved for leave to amend his complaint. ECF No. 7. Plaintiff seeks to add an additional defendant, "Clerk of Court's Office of Montgomery County." *Id.* at 2. He also seeks to add two additional claims. Claim six alleges that the Clerk of Court in Montgomery County has a practice of filing two separate sentencing instruments. *Id.* at 24. Claim seven appears to allege that the common pleas court, the Second District Court of Appeals, and Reese wrongfully denied Plaintiff's state habeas claim and motion to revisit jurisdiction. *Id.* at 25. Further, the Amended Complaint appears to clarify that his fourth claim includes a denial of access to the court's claim. *Id.* at 22.

Plaintiff then filed a motion for leave to take judicial notice and a motion for a preliminary conference. ECF Nos. 8 & 10.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record. Upon said review, the Court finds that Jackson's objections to the magistrate judge's R&R lack merit. They are therefore **OVERRULED**. Additionally, the Court has reviewed Plaintiff's proposed Amended Complaint and concludes that it does not cure the defects in his Complaint. Moreover, the claim against the new defendant and claims six and seven are futile because they fail to state a claim for relief for the same reasons addressed in the R&R. *See Miller v. Calhoun Cty.*, 408 F.3d 803, 817

(6th Cir. 2005) ("A court need not grant leave to amend, however, where amendment would be 'futile'." (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). Accordingly, Plaintiff's motion for leave to amend is **DENIED**.

The Court **ADOPTS AND AFFIRMS** the R&R. The Clerk shall enter judgment for Defendants and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**