FILED
RICHARD W. NAGEL
CLERK OF COURT
2019 JUN 24 PM 4: 14
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Dennis D. Jackson,

    Plaintiff,

v.

Judge Michael L. Tucker, *et al.*,

    Defendants.

Case No. 2:18-cv-1736

Judge Michael H. Watson

Magistrate Judge Vascura

## **OPINION AND ORDER**

Magistrate Judge Vascura performed an initial screen of this prisoner civil rights case pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and recommended dismissing Plaintiff's Complaint. Order and R&R, ECF No. 5. The Court considered Plaintiff's objections to the R&R de novo, overruled the same, adopted the R&R, and dismissed the case. Op. and Order, ECF No. 13. Plaintiff moves for reconsideration. Mot. Reconsider, ECF No. 15.

The Federal Rules of Civil Procedure do not contemplate a motion for reconsideration, and courts generally evaluate such motions under the same standard as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *United States v. Hazelwood*, No. 1:10–cr–150, 2011 WL 2565294, at *16 (N.D. Ohio June 27, 2011). Justifications for relief exist under Rule 59(e) where there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest

injustice. *Am. Civil Liberties Union of Kentucky v. McCreary Cty., Kentucky*, 607 F.3d 439, 450 (6th Cir. 2010) (citation omitted).

> A motion for reconsideration is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion. *See Database Am. v. Bellsouth Adver. & Publ'g*, 825 F. Supp. 1216, 1219–20 (D.N.J. 1993); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, Federal Practice and Procedure, § 2810.1 (2d ed. 1995) (opining that motions to alter or amend judgment cannot be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."). "[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *In re Christie*, 222 B.R. 64, 66 (Bankr. D.N.J. 1998) (citing *Database*, 825 F. Supp. at 1220). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database*, 825 F. Supp. at 1220.
>
> Nor is a motion for reconsideration properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). When a motion for reconsideration raises only a disagreement by a party with a decision of the court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument." *Database*, 825 F. Supp. at 1220.

*Prof'ls Direct Ins. Co. v. Wiles, Boyle, Burkholder, and Bringardner, Co.*, No. 2:06–cv–240, 2008 WL 417998, at *1 (S.D. Ohio Feb. 14, 2008).

Plaintiff's motion attempts to reargue his prior objections and does not invoke an intervening change in controlling law, new evidence, or a need to correct clear error or prevent manifest injustice. *See*, Mot. Reconsider, ECF No. 15. The arguments raised in Plaintiff's motion are better suited for an appeal. Accordingly, Plaintiff's motion for reconsideration is **DENIED**. Finally, the Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the reasons provided herein, any appeal of this Order[1] would not be taken in good faith and therefore **DENIES** Plaintiff leave to appeal in forma pauperis.

**IT IS SO ORDERED.**

*Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court also previously certified that any appeal of the Opinion and Order adopting the R&R would not be in good faith. Op. and Order 6, ECF No. 13 (adopting R&R); R&R 9, ECF No. 5 (appeal would not be in good faith).